IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD KAMEL ABRAHAM, JR. | : | CIVIL ACTION |
| | : | NO. 06-0058 |
| v. | : | |
| | : | |
| DAVID DIGUGLIEMEO, ET AL | : | |
| | : | |
| O'NEILL, J. | | DECEMBER 10, 2010 |

MEMORANDUM

Plaintiff, a former inmate in the Pennsylvania state prison system, filed a civil rights action against prison health officials. He alleged that the officials were indifferent to his medical needs in violation of the federal and Pennsylvania Constitutions.[1] On May 25, 2010, I granted in part and denied in part the motion to dismiss filed by defendants Prison Health Services, Germaine and Arias.[2] I reserved ruling on the question of whether Article I, sections 1 or 13 of the Pennsylvania Constitution provide a private right of action for damages. I ordered the parties to submit additional briefing on that question. For the following reasons, I will decline to exercise supplemental jurisdiction over plaintiff's Pennsylvania Constitutional claim.[3]

---

[1] Plaintiff's four-count amended complaint contains the following claims: (I) denial of adequate medical attention in violation of 42 U.S.C. § 1983 (against defendants Prison Health Services, Germaine, Arias, Sokolski, Wirth and Radle); (II) creation of a policy or custom sanctioning unconstitutional conduct in violation of 42 U.S.C. § 1983 (against DiGuglielmo and PHS); (III) violation of the Pennsylvania Constitution (against all defendants); and (IV) medical malpractice (against Germain, Arias, Sokolski and Wirth).

[2] DiGuglielmo, Sokolski and Wirth filed answers. In addition to the motion to dismiss filed by Prison Health Services, Germaine and Arias, defendant Radle filed his own motion to dismiss. In my May 25, 2010 Order, I granted Radle's motion in its totality and dismissed him from the case.

[3] I set forth at length the background of this case in my May 25, 2010 Order.

DISCUSSION

Defendants argue that Article I, sections 1 and 13 of the Pennsylvania Constitution do not provide a private right of action for damages. They point out that most federal courts that have addressed this issue "have either rejected the claim outright or declined to exercise [supplemental] jurisdiction" over the claim. Defs.' Br. at 1. Plaintiff has not identified any Pennsylvania decision holding that either section 1 or section 13 provides a private right of action for damages.

28 U.S.C. § 1367(a) provides that the district court may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within [the court's original subject matter jurisdiction] that they form part of the same case or controversy under Article III of the United States Constitution." Section 1367(c)(1) allows the district court to decline to exercise supplemental jurisdiction "where the claim raises a novel or complex issue of State law[.]"

My review of the case law reveals that count III of plaintiff's amended complaint raises a question of state law that is novel. Neither the Pennsylvania Supreme Court nor the Court of Appeals for the Third Circuit have decided whether sections 1 or 13 provide a private right of action for damages. See Kurta v. Borough of Glassport, No. 10-195, 2010 WL 1664907, at *4 (W.D. Pa. Apr. 23, 2010) ("The issue of whether the Pennsylvania Constitution, Article 1, § 1 provides a cause of action for damages is unsettled in Pennsylvania and has not been addressed by the Pennsylvania Supreme Court or the Third Circuit."); Bowers v. City of Philadelphia, No. 06-3229, 2008 WL 5210256, at *8 (E.D. Pa. Dec. 12, 2008), quoting Dillon v. Homeowner's Select, 957 A.2d 772, 780 n.11 (Pa. Super. Ct. 2008) ("To date, neither Pennsylvania statutory

2

authority nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution."). The resolution of this question, which implicates significant questions of state constitutional law, is better left to the Pennsylvania state courts. I will thus decline to exercise supplemental jurisdiction over count III of plaintiff's amended complaint and dismiss that count without prejudice.

      An appropriate Order follows.